(113 App. Div. 9)

### ZEISER v. COHN.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

1. ACTION—JOINDER OF CAUSES—SINGLE OR ENTIRE CAUSE.

Where, after return of execution unsatisfied, a judgment creditor brought action to set aside conveyances by the judgment debtor as fraudulent, alleging that the grantee in such conveyance had agreed to pay to plaintiff the judgment debtor's indebtedness, plaintiff praying that the proceeds of a sale of certain real estate conveyed by the debtor, and sold by the grantee be applied to plaintiff's judgment, and further praying a receiver, the only cause of action alleged was one to set aside the fraudulent conveyances.

2. DISMISSAL—RESERVATION OF DECISION—EFFECT.

Where, under the express authority of Code Civ. Proc. § 1187, a decision on a motion to dismiss a complaint was reserved until after the verdict of the jury, which verdict was favorable to plaintiff, and thereafter the court dismissed the complaint on the ground that it had erred in permitting plaintiff to prosecute the action as one upon contract instead of an action in the nature of a creditor's bill to set aside conveyances alleged to have been fraudulent as to creditors, plaintiff was not precluded from proving the cause of action which the court finally determined was the only one that he had alleged, by reason of the fact that the decision of the question was deferred until after verdict, although the ruling requiring plaintiff to elect on which cause he would proceed was made with reference to plaintiff's attitude that his complaint was twofold, in view of the fact that the question as to the character of the complaint was under consideration early in the trial, and if then decided plaintiff would have been at liberty to prove the cause of action which it was determined he had alleged.

Appeal from Special Term, Albany County.

Action by John Zeiser against Mark Cohn, individually, and as executor, etc. From a judgment (90 N. Y. Supp. 66, 44 Misc. Rep. 462) dismissing the complaint, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-LOGG, and COCHRANE, JJ.

J. Newton Fiero and Fletcher W. Battershall, for appellant.
James J. Farren and Mark Cohn, for respondent.

COCHRANE, J. On the trial it was claimed by plaintiff that he had alleged in his complaint two causes of action, viz., a cause of action to set aside a deed and bill of sale executed by Jacob Cohn to Theresa Cohn as fraudulent and void as to the creditors of Jacob Cohn including the plaintiff, and also a cause of action to recover on a collateral or accompanying contract alleged to have been executed by Theresa Cohn as a part of the consideration of the said deed and bill of sale, by which contract she agreed to pay certain creditors of Jacob Cohn including the plaintiff. The court ruled that if the complaint contained those two causes of action the plaintiff must

elect on which he would proceed. Thereupon the plaintiff under protest elected to proceed on the collateral contract whereby it was claimed that Theresa Cohn had promised to pay his claim against Jacob Cohn.

At the close of the evidence defendant moved for a dismissal of the complaint on the ground among others that the only cause of action alleged in the complaint was to set aside the deed and bill of sale as fraudulent and that the evidence was insufficient to sustain such cause of action. Decision on this motion was reserved under section 1187 of the Code of Civil Procedure until after the verdict of the jury. This verdict was favorable to the plaintiff. Thereafter the court dismissed the complaint holding that an error had been committed in permitting the plaintiff to prosecute the action as one upon contract instead of an action in the nature of a creditor's bill to set aside conveyances alleged to have been executed to defraud creditors and that the evidence was insufficient to sustain the latter cause of action. The trial justice properly reached the conclusion that the complaint contained but one cause of action, and that such cause of action was to set aside the transfers of Jacob Cohn to Theresa Cohn on the ground that they were fraudulent as to the creditors of Jacob Cohn, and with his reasons for reaching such conclusion we are in accord. See 44 Misc. Rep. 462, 90 N. Y. Supp. 66, for the opinion of the trial justice which also contains a full analysis of the complaint.

We think, however, that after a definite decision had been reached as to the correct theory of the complaint the plaintiff should then have had an opportunity to try his case on such theory. It is true that the court did not at any time decide that the complaint contained two causes of action. The ruling that plaintiff must elect on which cause of action he would proceed was made with reference to the attitude of the plaintiff, that his complaint was twofold, and this attitude of the plaintiff may be said to be responsible for the fact that his case has not been tried on the proper theory. But at the same time the question as to the character of the complaint was under consideration quite early in the trial, and if the decision as to this question had then been made, plaintiff would have been at liberty to prove the cause of action which the court finally determined was the only one that he had alleged; and it is only fair to the plaintiff that he should not be precluded from this opportunity by reason of the fact that a decision of this question was deferred until after the verdict of the jury.

The cause of action alleged in the complaint has not been tried, and in order that the plaintiff may have an opportunity to establish the same, the judgment should be reversed, and a new trial granted, with costs to abide the event. All concur, except PARKER, P. J., not voting. SMITH, J., concurs in result.